Charles Cahn, II, Baltimore, Md. (Court-appointed counsel) for appellant.

Clyde A. Rish, Sr., pro se, on brief.

N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and THOMSEN, District Judge.

**Clyde A. RISH, Sr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7971.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 9, 1959.

Decided Nov. 13, 1959.

PER CURIAM.

The appellant was convicted on two counts charging use of the mails to defraud, in violation of Title 18 U.S.C.A § 1341. The Government charged that the appellant obtained insurance from Citizen's Home Insurance Company of Newberry, South Carolina, on a 1953 Mercury automobile, Serial No. 53SL38684M and from State Farm Mutual Insurance Company on a 1957 Ford, Serial No. D7NV130059, and then in an effort to collect insurance, falsely reported, through the use of the mails, that these automobiles had been stolen from him.

The question raised on this appeal is whether the evidence was sufficient for submission of the case to the jury.

The Government offered evidence tending to prove that the two automobiles bearing the above serial numbers were always owned by other individuals and could not have been owned by the defendant. There was also evidence that the defendant visited an automobile wrecking yard in which the 1957 Ford, a total wreck, was located. The defendant spent several hours there. It was shown that after his visit the serial number tag was missing from the Ford car. The Government sees in these circumstances corroboration of its theory that the defendant removed the serial number tag from the Ford in the wrecking yard and attached it to his own automobile; or at least that, having learned the number on the wrecked Ford car, he thought it safe to adopt it for the purpose of obtaining the insurance policy, because the automobile to which the serial number belonged would not likely be insured or found. The appellant, on the other hand, contends that the facts fit more nearly his theory that the number tag was removed by someone else and attached by that person to the automobile which he later bought and insured.

It was also shown that at different times (once when the appellant applied for the insurance on the Ford; once when he applied for a bank loan on the car; and the last time at his trial) the defendant presented three different bills of sale for the Ford. Two were produced in court. The signatures of the seller appear to be not in the same handwriting. A third bill of sale on the Ford was referred to in the testimony and was described as unlike either of those in evidence. This testimony was offered by the Government to show that there never was a true bill of sale, but that the defendant was using forgeries.

Moreover, an agent of the F.B.I. testified that the defendant admitted defrauding insurance companies and that the Ford on which he got insurance was non-existent.

The defendant called several witnesses who testified that they saw him at different times driving Ford and Mercury automobiles. From this, the defendant argues, it appears that he did own such cars, but that he merely used wrong serial numbers in obtaining insurance, and this he insists happened innocently.

We have considered the earnest argument of the counsel appointed by this court to assist the appellant on the appeal, but we think that the Government presented a *prima-facie* case meriting submission to the jury.

The court-appointed lawyer who based his argument of the appeal on the grounds we have discussed above also called to our attention a number of contentions which the appellant asked him to submit to us. These are: (1) that his lawyer in the court below, whom he had selected and paid, was incompetent and had been bribed by unnamed persons interested in having the appellant convicted; (2) that the defendant was not permitted to testify in his own defense; (3) that the District Court and the United States Attorney did not permit him to produce certain unnamed witnesses who were vital to his defense; (4) that three of his jurors worked for insurance companies and two or three others were offered bribes to convict him; (5) that the insurance companies offered bribes to the agents of the F.B.I.; and (6) that the defendant's witnesses were told how to testify and were threatened by the insurance companies and the F.B.I. These additional contentions are obviously not appropriately raised in this appeal, and have not been considered by the court, as the record reflects no basis for any of them.

Affirmed.